

Oliver Stiefel | Staff Attorney
oliver@crag.org | 503.227.2212

May 28, 2020

*Via Electronic Filing*

Clerk of the Court
Ninth Circuit Court of Appeals
P.O. Box 13939
San Francisco, CA 94119-3939

Re: *Greenpeace, et al. v. Stewart et al.*, No. 17-35945 – Request for Publication

Dear Clerk of the Court,

    This is a request to publish the Order of the Appellate Commissioner awarding fees ("Fee Award") in the above-captioned case, ECF85, pursuant to Circuit Rule 36-4 ("Publication of any unpublished disposition may be requested by letter addressed to the Clerk, stating concisely the reasons for publication.").

    The Fee Award is a final disposition because no party moved for reconsideration, *see* Circuit Rule 39-1.9, and it amends the mandate. *See* ECF85 at 29 ("This order amends the mandate."). Fee awards issued by the Appellate Commissioner previously have been published in this Circuit. *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009).

    Circuit Rule 36-2 provides the criteria for publication. The Fee Award meets criterion (a) "Establishes, alters, modifies, or clarifies a rule of federal law"; and criterion (d) "Involves a legal or factual issue of unique interest or substantial public importance."

    Regarding criterion (a), the Fee Award clarifies at least three important legal principles under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. First, the Fee Award clarifies the evidentiary standard for demonstrating proof of EAJA eligibility with respect to an organization's number of employees. *See* ECF85 at 7–9 (applying 28 U.S.C. § 2412(d)(2)(b)(ii)). Specifically, the Appellate Commissioner applied the "informality of proof" standard, which previously only had been applied to eligibility with respect to an organization's net worth. *Id.* at 9 (citing *United States v. 88.88 Acres of Land*, 907 F.2d 106, 108 (9th Cir. 1990)).

    Second, the Fee Award clarifies the forum rule for purposes of determining market rates. *See id.* at 9–12 (applying 28 U.S.C. § 2412(d)(1)(A), (2)(A)). On this legal issue, the Appellate Commissioner concluded that the "same forum rules applicable to section 1988 fee awards apply to EAJA fee awards." *Id.* at 12.

    Third, the Fee Award clarifies that it is neither necessary or advisable to apply different rates

for different portions of the litigation. *Id.* at 14–16. After reviewing Supreme Court, Ninth Circuit, and District Court case law, the Appellate Commissioner concluded that the more reasonable approach is to "determine if the hours expended are reasonable for different tasks in the litigation for the attorneys at their market rates." *Id.* at 16.

Regarding criterion (d), legal issues arising under EAJA are of substantial public importance. In enacting EAJA, Congress stated: "For many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process." S. Rep. No. 96-253, at 5 (1979). Thus, the purpose of EAJA is to "eliminate for the average person the financial disincentive to challenge unreasonable government actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). EAJA's policy is to "encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court." *Liv v. Kiesler*, 505 F.3d 913, 919 (9th Cir. 2007). Given EAJA's purpose and policy, the legal issues that the Fee Award resolves are of substantial public importance. Publication of this Order will help future litigants in securing their reasonable costs, fees, and expenses, consonant with Congressional intent.

Sincerely,

_____

Oliver Stiefel
Tel. 503.227.2212
oliver@crag.org
  *Of counsel for Appellants Greenpeace, Inc. and Cascadia Wildlands*

cc: Michael T. Gray, Counsel for Appellees Earl Stewart, Beth Pendleton, and U.S. Forest Service (via ECF)

2—Request for Publication